```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

IN RE MENTOR CORP. OBTAPE         *    MDL Docket No. 2004
                                       4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS     *
                                       Case No.
LIABILITY LITIGATION              *    4:11-cv-5071 (N. Johnson)

O R D E R

Plantiff Nikaya Johnson ("Johnson") brought this action against Defendant Mentor Worldwide LLC ("Mentor"), contending that she was injured by Mentor's suburethral sling product, ObTape Transobturator Tape.  Johnson filed her diversity action in the United States District Court for the District of Rhode Island, and the Judicial Panel on Multidistrict Litigation transferred her case to this Court for pretrial proceedings.  The parties agree that the Court must apply Rhode Island's choice-of-law rules.  *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 18 (1st Cir. 2012) ("Where a suit is consolidated and transferred under [28 U.S.C.] § 1407, courts typically apply the choice of law rules of each of the transferor courts.").  The parties also agree that under Rhode Island's choice of law rules, the Court must apply the substantive law of the Commonwealth of Virginia because Johnson lives in Virginia, all relevant medical treatment occurred in Virginia, and Rhode Island does not have significant contacts to

this action.  *See Harodite Indus., Inc. v. Warren Elec. Corp.*, 24 A.3d 514, 534 (R.I. 2011) (noting that factors to be considered in choice of law analysis include the place where the injury occurred, the place where the conduct causing the injury occurred, and the residence of the parties).

Johnson asserts the following claims: (1) strict liability; (2) negligence; (3) breach of express warranty; (4) failure to warn; and (5) punitive damages.  Mentor correctly contends, and Johnson does not dispute, that Virginia does not recognize strict liability as a ground for recovery in product liability cases.  *E.g., Harris v. T.I., Inc.*, 413 S.E.2d 605, 609-10 (Va. 1992); *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 374 S.E.2d 55, 57 n.4 (Va. 1988).  Johnson does not oppose Mentor's summary judgment motion on her strict liability claim.  Therefore, Mentor is entitled to summary judgment on Count I of Johnson's Complaint—the strict liability claim.

In its partial summary judgment motion, Mentor notes that Johnson's failure to warn claim incorporates strict liability language, and Mentor seeks summary judgment on the failure to warn claim to the extent Johnson is pursuing it under a strict liability theory.  In her response to Mentor's motion, Johnson clarified that she is pursuing her failure to warn claim under a negligence theory, not a strict liability theory, and Mentor

accepted this clarification. Therefore, Mentor's summary judgment motion as to Johnson's failure to warn claim is denied.

CONCLUSION

As discussed above, Mentor's Motion for Partial Summary Judgment against Johnson (ECF No. 43 in 4:11-cv-5071) is granted as to Count I of Johnson's Complaint (the strict liability claim) and denied as to Count IV of Johnson's Complaint (the failure to warn claim).

IT IS SO ORDERED, this 18th day of January, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE